*Merrick & Tompkins* and *Holmes & Huling,* for Defendant.

---

## HABEAS CORPUS—EXTRADITION.

3 Dec.
50

[Hamilton Circuit Court, November, 1894.]

Smith, Swing and Cox, JJ.

CHARLES A. MORGANFIELD V. R. M. ARCHIBALD, SHERIFF.

1. POWER OF ANOTHER JUDGE OF SAME COURT TO HOLD TRIAL.

A trial under a writ of *habeas corpus,* allowed and returnable to one of the judges of the court of common pleas, may be heard and determined by another judge of the same court, if from any proper cause the case is brought before him. There is no difference, in this respect, between a proceeding of this kind and other civil actions.

2. EFFECT OF DISCHARGE IN ANOTHER HABEAS CORPUS PROCEEDING.

The judgment of discharge of a prisoner in one *habeas corpus* proceeding is no bar to a different judgment in another proceeding, where the imprisonment is justified under a wholly different warrant issued for a wholly different purpose.

ERROR to the court of common pleas of Hamilton county.

SMITH, J.

We are of the opinion that there was no error in the proceedings or judgment of the court of common pleas in this case, and that the judgment should be affirmed, with costs.

It is claimed by the counsel for the plaintiff in error, that the judgment of the court on the facts was not warranted by the evidence, and that the court erred in not granting him a new trial. But it was clearly shown that an indictment had been found by the grand jury of Stafford county, Virginia, against Charles Morgan, *alias* Charles Augustus Morganthal, charging him with the crime of robbery, which is a crime in Virginia and Ohio, and said indictment appears to be in due form of law. That a requisition was duly made by the governor of the state of Virginia upon the governor of the state of Ohio for the apprehension of such person as a fugitive from justice, who had taken refuge in the state of Ohio, and his delivery to the agent of the state of Virginia, and that such requisition was accompanied by such papers and evidence as fully warranted Governor McKinley in issuing a warrant for the arrest of such person, and it *was* duly issued to the sheriff of Hamilton county, who, by virtue thereof, arrested the plaintiff in error, and in further compliance with said warrant and the law of this state, at once took him before the Hon. M. F. Wilson, one of the judges of the court of common pleas of Hamilton county, to be dealt with according to law.

It further appears, that while he was still in the custody of the sheriff under this writ, and with the extradition proceedings in progress, this proceeding in *habeas corpus* was instituted, and the sheriff, as his justification for holding the relator in custody, by his return set out a copy of the warrant issued to him by the governor. On the trial which was had under the circumstances hereinafter stated, the foregoing facts were shown, and it was also made to appear with great certainty and clearness, that the relator was the identical person who was charged in said indictment under the name of Charles Morgan, *alias* Charles Augustus Morganthal, and that it was he who was charged by witnessses before the grand

jury, with being the man who committed the robbery, and that after the criminal act was committed, he had fled from the state of Virginia and had taken refuge in the state of Ohio. The evidence in the case was embodied in a bill of exceptions, and is all before us.

It is said to us that the extradition case and the *habeas corpus* case were heard by Judge WILSON at the same time, and the evidence applied to both. And if this be so, it would seem entirely clear that it would be the duty of the court in the extradition case, under the laws of this state and of the United States, which are binding in such cases upon all of us, to make proper order for the extradition of the person named in the warrant of the governor, and his delivery to the agent of the state of Virginia; and in the *habeas corpus* case, to refuse to discharge the relator from the custody of the sheriff, unless something else was disclosed which would show that such orders were not legal or proper. It is said that such an order was made in the extradition case (which is not before us in any way), and in the *habeas corpus* case the court did refuse to discharge the relator. And this last action comes to us on error, and it is the claim of the plaintiff in error that the action of the court in other respects was void and erroneous, and should be reversed and held for naught.

It is claimed that the judgment is absolutely void for this reason: that the judge who tried and decided it had no right whatever to do so. It appears from the record and evidence that the plaintiff in error, on December 24, 1894, filed in the court of common pleas of Hamilton county his petition in *habeas corpus*, alleging that he was illegally restrained and deprived of his liberty by Sheriff Archibald. Application was made on the same day to Hon. CHAS. EVANS, one of the judges of said court, who at once indorsed thereon an allowance of the issue of a writ returnable at 11 o'clock, A. M., of said day, before himself. And an entry thereof was made upon the journal of his court; and on the same day the sheriff returned the writ before him in his court, and the case was then by entry upon the journal continued until January 10, 1895. On the day last named, the case was called before Judge WILSON, and as appears from the bill of exceptions, a protest was filed by plaintiff in error, sworn to by him, stating that the writ in the case had been allowed by and was returnable before Judge EVANS, and that he protests against Judge WILSON trying the case, because he could not be fair and impartial, for the reason that the Adams |Express company was the prosecutor of the case against him, and had brought a civil action to recover money found on the relator when he was arrested, and because Judge WILSON had been the attorney for the express company for many years, and so continued until he went upon the bench in 1893, and was also a shareholder in said company, and that he had not the right to sit in the trial of this case because it was a special proceeding, partly heard by Judge EVANS, and that Judge WILSON could not assume to sit in his absence. Counter evidence was introduced, showing that these allegations of facts were untrue, and the objection or protest was overruled by the court, and the judge ordered the trial to proceed, to which the plaintiff in error excepted.

We are of the opinion that the proceeding was one pending in the court of common pleas of this county, and of which any of the judges of that court had jurisdiction. Though the writ was allowed by Judge EVANS, it was on the docket of the court, and was on the return day continued until January 10. If from any cause the case was then tried by a judge other than the one who allowed the writ to issue, the judgment rendered by him would be as valid as if rendered by the one who allowed it. We see no difference in this respect between a proceeding of this kind brought upon the trial docket of the court, and other civil actions.

As to the plea that the question involved in this proceeding had once been adjudicated, and that the judgment rendered in another *habeas corpus* proceeding discharging the prisoner from imprisonment under another warrant (or under no

warrant), held by another person, is a bar to a different judgment in this case, where the imprisonment is sought to be justified under a wholly different warrant, issued for a wholly different purpose, we are of the opinion that such claim should not be upheld. As we have said, the parties and the the subject matter are wholly different. The claim that the right of the sheriff to hold a person arrested by him on a warrant issued by the governor of the state in strict conformity with the laws of this state and of the United States, can be defeated or done away with, for the reason that in some other proceeding an imprisonment of a relator on a writ issued by another official has for any cause been held unlawful, though having some reference to the same offense, it may be, cannot be correct. We see no law to justify it, and it is not reasonable.

The objection made to the deposition offered was not good for the reason that the exception thereto was not taken at the time or in the way provided by the statute.

The judgment will be affirmed.

*Thos. F. Shay*, for Plaintiff in Error.

*Ramsey, Maxwell & Ramsey*, for Mr. White.

*Prosecuting Attorney of Stafford County, Va., contra.*